IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POW! ENTERTAINMENT, LLC, ) | |
| ) | Case No.: 19-cv-8368 |
| ) | |
| ) | Judge Manish S. Shah |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS AND UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON ) | |
| SCHEDULE A HERETO, ) | |
| ) | |
| Defendants. ) | |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff POW! ENTERTAINMENT, LLC's ("Plaintiff" or "STAN LEE") Motion for Entry of a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified in Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's STAN LEE Trademarks including U.S. Trademark Registration Nos. 5,875,319; 5,880,988; 5,880,991 and 5,886,378 for word mark "STAN LEE"; No. 5,670,515 for the Design mark of STAN LEE's

1

signature; No. 3,357,243; 5,674,588 and 5,674,595 for the word mark "STAN LEE PRESENTS; and No. 5,598,858 for the word mark "THE STAN LEE FOUNDATION".

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the STAN LEE Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the STAN LEE Trademarks, and (3) Defendants' use of the STAN LEE Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff's. Furthermore, Defendants' continued and unauthorized use of the STAN LEE Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions while respecting the Defendants' right to sell, and customers' right to buy, products that do not infringe Plaintiff's trademark rights.

Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, or under them be preliminarily enjoined and restrained from:

    a. using Plaintiff's STAN LEE Trademarks or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine STAN LEE product or not authorized by Plaintiff to be sold in connection with Plaintiff's STAN LEE Trademarks;

    b. passing off, inducing, or permitting others to sell or pass off any product as a genuine STAN LEE product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's STAN LEE Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's STAN LEE Trademarks and damaging Plaintiff's goodwill;

    e. knowingly manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's

        STAN LEE Trademarks or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof;

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

    a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, or

    b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. The domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), within three (3) business days of receipt of this Order, shall take any steps necessary to transfer the Defendant Domain Names to a registrar account of Plaintiff's selection so that the Defendant Domain Names can be redirected or disabled until further ordered by this Court.

5. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as eBay, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo, and domain name registrars, including but not limited to,

GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall, within ten (10) business days of receipt of such notice, provide to Plaintiff copies of all documents and records in such person's or entity's possession or control relating to:

a. The identities and locations, including all known contact information and any and all associated e-mail addresses, of Defendants, their agents, servants, employees, confederates, and attorneys;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

c. Defendants' websites and/or any Online Marketplace Accounts;

d. The Defendant Domain Names or any domain name registered by Defendants; and

e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, and attorneys, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Third Party Providers with actual notice of this Order shall, within ten (10) business days of receipt of such notice:

a. remove Product Listings identified on Schedule A from any website under that Third Party Provider's control, to the extent not previously removed;

b. remove advertisements for Product Listings identified on Schedule A from any website under that Third Party Provider's control; and

c. remove links to the Defendant Domain Names from any search index under that Third Party Provider's control.

7. Defendants and Third Party Providers shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets associated with sales from Product Listings identified on Schedule A until further ordered by this Court.

8. Any Third Party Providers, including PayPal, Inc. ("PayPal") Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Gill Champion, and any e-mail addresses provided for Defendants by third parties; and

   b. Restrain and enjoin any such accounts or funds that are not U.S.-based from transferring or disposing of any money or other of Defendants' assets associated with sales from Product Listings identified on Schedule A until further ordered by this Court.

9.  Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to Plaintiff's control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 of the Declaration of Gill Champion and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "beenkeend and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections. Notwithstanding this provision, ordinary federal rules governing notice and service in civil cases shall apply to any Intervenors that the Court has permitted to appear.

12. Any Defendants that are subject to this Order, or Intervenors that the Court has permitted to appear, may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

13. The $10,000 bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: January 23, 2020

_____
Manish S. Shah, U.S. District Court Judge

7