1

```
 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   POW! ENTERTAINMENT, L.L.C.,       )
                                       )
 4                  Plaintiff,         )
                                       )
 5        vs.                          )  No. 19 C 8368
                                       )
 6   THE INDIVIDUALS, CORPORATIONS,    )
     LIMITED LIABILITY COMPANIES,      )
 7   PARTNERSHIPS AND UNINCORPORATED   )
     ASSOCIATIONS IDENTIFIED ON        )
 8   SCHEDULE A HERETO,                )  Chicago, Illinois
                                       )  January 23, 2020
 9                  Defendants.        )  9:49 o'clock a.m.

10
                     TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE MANISH S. SHAH

12
     APPEARANCES:
13
     For the Plaintiff:    HUGHES SOCOL PIERS RESNICK
14                         & DYM, LTD.
                           BY:  MR. WILLIAM B. KALBAC
15                         Three First National Plaza
                           70 West Madison Street, Suite 4000
16                         Chicago, Illinois  60602
                           (312) 580-0100
17

18

19

20

21

22
                  COLLEEN M. CONWAY, CSR, RMR, CRR
23                     Official Court Reporter
                219 South Dearborn Street, Room 1918
24                  Chicago, Illinois  60604
                          (312) 435-5594
25                colleen_conway@ilnd.uscourts.gov
```

1           (Proceedings heard in open court:)
2           THE CLERK:  19 C 8368, Pow! Entertainment versus The
3   Individuals, Corporations, Limited Liability Companies,
4   Partnerships and Unincorporated Associations Identified on
5   Schedule A.
6           MR. KALBAC:  Good morning, Your Honor.  Bill Kalbac
7   on behalf of plaintiff, Pow! Entertainment.
8           THE COURT:  Good morning.
9           Did you provide notice of the motion through
10  electronic means that had been authorized?
11          MR. KALBAC:  Yes.
12          THE COURT:  This is the first one of these cases with
13  your firm that you've had with me.
14          MR. KALBAC:  Correct.
15          THE COURT:  So let me just share with you some of my
16  observations about these cases --
17          MR. KALBAC:  Sure.
18          THE COURT:  -- to keep in mind.
19          I tend to think that joinder is likely not
20  appropriate with all of the defendants that are named in these
21  cases, and that the asset freeze is also likely to be an
22  improper tool to collect the damages award as opposed to a
23  genuine effort to obtain an accounting, but without an
24  adversarial presentation on that, on those issues, I tend to
25  let the plaintiff pursue the initial filings.  But if a

1  defendant were to appear and contest some of these, be aware
2  that I may very well look favorably on issues of severance and
3  lifting an asset freeze.
4  　　　　And the scope of discovery that is authorized,
5  particularly as it relates to third parties and compelling
6  third parties to provide documents, can be overbroad.  For
7  example, providing "all documents relating to the nature of
8  defendants' operations," which is how the proposed order reads,
9  that's overbroad.  And if a third party objects, I'll likely
10 modify it.
11 　　　　And keep in mind, if we end up litigating the scope
12 of what you're asking for, I may very well shift fees and costs
13 on to the plaintiff for having initiated and brought overly
14 broad requests that required litigation to tailor.
15 　　　　So in these cases, I do expect plaintiff's counsel to
16 be diligent and precise in what you're seeking and what you're
17 asking for.
18 　　　　All of that said, the motion for preliminary
19 injunction is granted.
20 　　　　There is a likelihood of success here and confusion
21 in the marketplace which justifies the equitable relief sought.
22 And for all the reasons the TRO was appropriate, the
23 preliminary injunction is also appropriate.
24 　　　　With respect to the electronic service of process,
25 the order is phrased in the alternative, that it's either

1  through the redirected domain names or through e-mail, when you
2  have e-mail addresses.
3      In practice, if you have an e-mail address, do you
4  give notice via the e-mail address?
5      MR. KALBAC:  Yes.
6      THE COURT:  Okay.
7      MR. KALBAC:  And we do have e-mail addresses for
8  nearly all the accounts.
9      THE COURT:  That's fine.  And I appreciate that.  I
10 may, going forward, want it to be in the conjunctive as opposed
11 to the alternative.
12     MR. KALBAC:  Sure.
13     THE COURT:  So keep that in mind going forward in
14 these types of cases.
15     But otherwise, the motion is granted.  The proposed
16 order is fine.  I'll get that entered.
17     We'll unseal all of the filings as well at this
18 stage --
19     MR. KALBAC:  Okay.
20     THE COURT:  -- of the case.
21     MR. KALBAC:  Thank you.
22     THE COURT:  And then I will just see you when you
23 notice up your next motion, which is typically a motion for
24 default.
25     MR. KALBAC:  Okay.  Thank you, Your Honor.

1 THE COURT: Is there anything I'm missing?
2 MR. KALBAC: No.
3 THE COURT: Thank you.
4 MR. KALBAC: Thank you.
5 (Proceedings concluded.)

C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on January 23, 2020.

_/s/ Colleen M. Conway, CSR, RMR, CRR_     01/24/20
Official Court Reporter     Date
United States District Court
Northern District of Illinois
Eastern Division

Colleen M. Conway, Official Court Reporter